IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LITTLETON,               )
                               )   2:12-cv-02236-GEB-AC
            Plaintiff,         )
                               )
       v.                      )   ORDER TO SHOW CAUSE AND
                               )   <u>CONTINUING STATUS (PRETRIAL</u>
PACIFIC GAS & ELECTRIC         )   <u>SCHEDULING) CONFERENCE</u>
CO.; SOUTH FEATHER WATER       )
& POWER AGENCY; LOCAL          )
UNION 1245 of/and THE          )
INTERNATIONAL BROTHERHOOD OF   )
ELECTRICAL WORKERS, AFLCIO;    )
and DOES 1- 10,                )
                               )
            Defendants.        )
_____)

       The August 28, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on December 10, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The August 28th Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

       Therefore, Plaintiff and Defendants Pacific Gas & Electric Co., South Feather Water & Power Agency, and International Brotherhood of Electrical Workers, Local Union 1245 are Ordered to Show Cause ("OSC") in a writing to be filed no later than December 10, 2012, why sanctions should not be imposed against them and/or their counsel under

1

Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written responses shall also state whether each party or his/its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on February 25, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

       IT IS SO ORDERED.

Dated: December 3, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).