IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

JERRY LITTLETON,

        Plaintiff,                  No. 2:12-cv-02236-TLN-AC

    vs.

PACIFIC GAS & ELECTRIC COMPANY,
and IBEW LOCAL 1245, SOUTH
FEATHER WATER & POWER AGENCY,

Defendants.                      <u>ORDER</u>

_____/

        This matter is before the Court on Defendant IBEW Local 1245's motion to dismiss (ECF No. 26) and Defendant Pacific Gas & Electric's motion to dismiss (ECF No. 27).[1]  Both motions were scheduled for a hearing on July 11, 2013.  (Minute Order, ECF No. 30.)  Pursuant to Local Rule 230(c), Plaintiff Jerry Littleton ("Plaintiff") was required to submit an opposition or notice of non-opposition fourteen days prior to the hearing date.  *See* E. DIST. LOCAL R. 230(C).  Plaintiff failed to comply with this rule.  Therefore, because Plaintiff has not filed an opposition to Defendants' motion, he has waived his opportunity to oppose Defendants' motions.  *See Abdulkhalik v. City of San Diego*, No. 08CV1515, 2009 WL

---

[1]     Defendant IBEW Local 1245 and Defendant Pacific Gas & Electric are collectively hereinafter referred to as "Defendants."

3514547, at *4 (S.D. Cal. Oct. 26, 2009) (holding that defendant waived all arguments regarding sanctions when it failed to brief them in opposition to the motion for compliance, even though plaintiff raised those issues in his brief).  However, in an effort to promote justice, on June 28, 2013, this Court ordered Plaintiff to show cause in writing, not later than ten (10) days following the order's publication, as to why Defendants should not be dismissed with prejudice.   The time for compliance with the Court's order has come and passed, and Plaintiff has not complied.  Thus, Plaintiff has failed to adhere to the Local Rules governing the Eastern District of California and this Court's order.  *See* E. DIST. LOCAL R. 110, 230(C); *see also* FED. R. CIV. P. 11; (ECF NO. 30).

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding that the district court did not abuse its discretion in dismissing a plaintiff's complaint for failure to adhere to the local rules). However, "before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998)).  Thus, the Court shall discuss each of these factors in turn.

In this case, the public's interest in expeditious resolution of litigation and the court's need to manage the docket weigh in favor of dismissal because Plaintiff's noncompliance has caused the action to come to a complete halt.  *See id.*  Plaintiff has been given two opportunities to respond to Defendants' motions and has failed to respond or prosecute its case in any manner.  Furthermore, this Court finds that the third factor, the risk of prejudice to Defendants, also weighs in favor of dismissing Plaintiff's claims.

Defendants have filed 12(b)(6) motions to dismiss based on Plaintiff's failure to exhaust local remedies and the California Public Employment Relations Board's ("PERB") exclusive jurisdiction for the resolution of unfair practice claims, including breach of duty of fair representation claims. (ECF No. 27 at 5; ECF No. 26 at 10.) Plaintiff has not responded or offered a reason for his failure to respond to Defendants' motions. Thus, like the plaintiff in *Ghazali*, Plaintiff "was given ample time to respond to the motion dismiss" and has failed to provide any reason whatsoever for his failure to respond to Defendants' arguments. *Ghazali*, 46 F.3d. at 54. On this record, the issue of prejudice tips the balance in favor of dismissal.

The fifth factor, public policy, favors disposition of cases on the merits. Thus, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Hernandez*, 138 F.3d at 399. Finally, the sixth factor, the availability of less drastic measures, also weighs in favor of dismissal. This Court has already given Plaintiff an opportunity to show cause and Plaintiff had failed to avail himself of such opportunity. Furthermore, Plaintiff has already been afforded one opportunity to amend and has failed to request a second opportunity to do so.[2] As such, this Court finds that this factor also weighs in favor of dismissal.

In conclusion, the Court finds that the factors weigh in favor of dismissing Plaintiff's claims against Defendant IBEW Local 1245 and Defendant Pacific Gas & Electric. For the foregoing reasons, the court GRANTS Defendant IBEW Local 1245's motion to dismiss (ECF No. 26) and Defendant Pacific Gas & Electric's motion to dismiss (ECF No. 27) and dismisses plaintiffs' claim against these Defendants with prejudice.

IT IS SO ORDERED.

Dated: July 16, 2013

Troy L. Nunley
United States District Judge

---

[2] Many of the legal arguments presented in Defendants' pending motions were previously raised in Defendants' prior motions to dismiss Plaintiff's original complaint. (ECF No. 5; ECF No. 7.) Plaintiff filed a non-opposition in response to those motions which resulted in the Court dismissing Plaintiff's complaint with leave to amend. (Minute Order, ECF No. 21.)

3