UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LITTLETON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC GAS & ELECTRIC CO., ET AL.,<br><br>　　　　Defendant. | No.  2:12-CV-02236-TLN-AC<br><br><br>**ORDER** |

This matter is before the Court pursuant to a Motion for Partial Judgment on the Pleadings brought by Defendant South Feather Water & Power Agency ("Defendant"). (ECF No. 34.) Defendant contends that Plaintiff Jerry Littleton's ("Plaintiff") First and Fifth Causes of Action in the First Amended Complaint fail to state a claim. Plaintiff failed to timely oppose Defendant's motion. Consequently, the Court ordered Plaintiff to show cause as to why Defendant's motion should not be granted. (ECF No. 39.) In response, Plaintiff filed an untimely opposition. (ECF No. 40.) Although Plaintiff's opposition is not entitled to consideration because Plaintiff has not filed anything showing that his reasons for failing to file a timely opposition constitute excusable neglect, *see Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1222 (9th Cir. 2000) (citing Fed. R. Civ. P. 60(b)), the Court has nevertheless considered the opposition. For the reasons stated below, Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 34) is hereby

1

GRANTED.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The issue presented by a Rule 12(c) motion is the same as that posed in a 12(b) motion—whether the allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047 1054—1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[c]ourts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) aff'd, 237 F.3d 1026 (9th Cir. 2001) (internal quotes omitted); *see also Dutciuc v. Meritage Homes of Arizona, Inc.*, 462 F. App'x 658, 660 (9th Cir. 2011) (Although leave to amend is often freely given when justice so requires, a district court may deny leave to amend where a plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed."); *Longberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) ("although Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment.").

## II. ANALYSIS

Plaintiff has brought the instant suit alleging, among other things, that Defendant:

> conspired contrary to labor-management understandings and agreements, to subject Plaintiff to work conditions known to Defendants to cause long term increasing disabilities from continuous and repeated welding jobs lasting for several weeks at a time in confined areas without adequate ventilation and breathing protection over the years 1987 into 2003, along with other welding duties.

(First Am. Compl., ECF No. 24 at 4.) Plaintiff's First Cause of Action alleges that Defendant's "fraud and conspiracy from 2004−2012" violated Plaintiff's Thirteenth and Fourteenth Amendment rights. Plaintiff's Fifth Cause of Action alleges that Defendant wrongfully terminated Plaintiffs' employment in violation of public policy. (ECF No. 24 at 13.) The Court addresses each cause of action in turn.

### Thirteenth Amendment Claim

The Thirteenth Amendment prohibits slavery and involuntary servitude. U.S. Const., 13th Amend., sec 1. Involuntary servitude "occurs when an individual coerces another into his service by improper or wrongful conduct that is intended to cause, and does cause, the other person to believe that he or she has no alternative but to perform the labor." *Brogan v. San Mateo Cnty.*,

3

901 F.2d 762, 764 (9th Cir. 1990) (citing *United States v. Mussry*, 726 F.2d 1448, 1453 (9th Cir. 1983); *see also Delgado v. Milwaukee County*, 611 F. Supp. 278, 280 (E.D. Wisc. 1985) (finding that an individual is not compelled to participate in a state's general relief and further that no peonage results where there is no threat of penal sanctions for failure to abide by work relief rules), aff'd 789 F.2d 919 (7th Cir. 1986).

The essence of Plaintiff's claim is that Defendant subjected Plaintiff to inhumane working conditions. Specifically, Plaintiff states that Defendant:

> violated the Thirteenth Amendment in that they intentionally caused long range involuntary servitudes from 1987 to 2003 by fraudulently misrepresenting the long term dangers and failing to protect Plaintiff from known hazards and refusing to acknowledge those long term effects, and causing in the present the health and life diminishing effects of those involuntary servitudes making the present health effects further involuntary servitude in the nature of punishment without conviction of, or as lawful punishment for crime.

(ECF No. 24 at 4.) Nothing in Plaintiff's allegations give rise to a claim that Defendant forced him into involuntary servitude nor do the allegations imply that Plaintiff had no other choices as far as employment. Thus, Plaintiff does not state a claim under the Thirteenth Amendment, and Defendant's motion for judgment on the pleadings as to Plaintiff's Thirteenth Amendment claim is GRANTED.

**Fourteenth Amendment Claim**

The Fourteenth Amendment prohibits laws which abridge privileges and immunities, the deprivation of life, liberty, or property, and the denial of equal protection of the law. To prevail in a civil action against state actors for the deprivation of "'rights, privileges, or immunities secured by the Constitution and laws,' 42 U.S.C. § 1983, a plaintiff must show that '(1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163−64 (9th Cir. 2005) (quoting *Shoshone–Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). Plaintiff asserts two Fourteenth Amendment violations: (1) that Defendant's imposition of inhumane working conditions deprived him of "life and liberty" and (2) that Defendant's assertion of state worker's compensation exclusivity

violates the Fourteenth Amendment. (ECF No. 24 at 5.) However, Plaintiff fails to specify what right was violated. Thus, Plaintiff has not met the standard required to successfully plead a Fourteenth Amendment violation, and, therefore, this claim fails. *See Thornton*, 425 F.3d at 1164.[1] Accordingly, Defendant's motion for judgment on the pleading as to Plaintiff's Fourteenth Amendment Violation claim is GRANTED.

## Wrongful Termination

Plaintiff's Fifth Cause of Action alleges wrongful termination in violation of public policy as it pertains to the Fair Employment and Housing Act ("FEHA"). (ECF No. 24 at 13.) Both parties agree that this claim is a common law tort claim brought pursuant to *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980). Defendant asserts that Plaintiff's claim is barred because Defendant is a public entity and thus immune pursuant to California Government Code § 815. (*See* ECF No. 34 at 13−14 (citing *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899−900 (2008).) In response, Plaintiff asserts that the holding in *Miklosy* is limited to the Regents of the University of California. (ECF No. 40 at 4.)

The Court agrees with Defendant. California Government Code § 815 states "except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The California Supreme Court has consistently held that §815 shields public entities from tort liability unless otherwise provided by statute. *See Miklosy*, 44 Cal. 4th at 899−900; *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1179 (2003); *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112, 1127 (2002). Thus, the holding in *Milosky* is not restricted to the Regents of the University of California, as Plaintiff asserts. Furthermore, Plaintiff has not provided this Court with any statute that imposes direct liability. As such, the Court finds that Plaintiff's Fifth Cause of Action fails and, therefore, GRANTS Defendant's motion for judgment on the pleading as to this claim.

---

[1] Furthermore, it is unclear to the Court as to whether the gravamen of Plaintiff's § 1983 claim is in fact the same as the basis for Plaintiff's Second Cause of Action which alleges violations of the Americans with Disabilities Act ("ADA"). In the event that the constitutional violations that Plaintiff alleges are encompassed in Plaintiff's ADA claim, the § 1983 claim would be barred. *See Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012) ("By drafting a comprehensive remedial scheme for employer's violations of ADA Title I, Congress manifested an intent to preclude § 1983 remedies.").

### III. CONCLUSION

For the reasons stated above, Plaintiff's First and Fifth Causes of Action fail. In considering Defendant's motion, the Court notes that Plaintiff has previously had an opportunity to amend his complaint and is unable to cure the deficiencies. The Court finds that this failure combined with the fact that Plaintiff failed to timely oppose Defendant's motion, and most notably does not ask for leave to amend, weighs in favor of granting Defendant's motion for judgment on the pleading instead of dismissing the causes of action with leave to amend. As such, Defendant's Motion for Judgment on the Pleadings as to Plaintiff's First and Fifth Cause of Action (ECF No. 34) is hereby GRANTED.

IT IS SO ORDERED.

Dated: December 16, 2013

_____
Troy L. Nunley
United States District Judge