UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LITTLETON,<br><br>            Plaintiff,<br><br>     v.<br><br>SOUTH FEATHER WATER AND POWER AGENCY. ET AL.,<br><br>            Defendants. | No.  2:12-cv-02236-TLN-AC<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND CLOSING THIS CASE** |

   The Court has issued numerous orders directing Plaintiff Jerry Littleton ("Plaintiff") and his attorney to comply with the local rules governing the Eastern District of California as well as this Court's orders.  (*See* ECF Nos. 39, 41, 42, 44, and 47.)  At present, Plaintiff has failed to confer with opposing counsel and provide this Court with a status report pursuant to this Court's order. (*See* ECF Nos. 44–47.)  In fact, Plaintiff has completely failed to respond to this Court's order and litigation of Plaintiff's claims has come to a screeching halt.  The Court has previously sanctioned Plaintiff for failure to comply with aforementioned orders.  On January 17, 2014, the Court warned Plaintiff that further failure to respond could result in dismissal of Plaintiff's claims for failure to prosecute.  (ECF No. 47.)  Plaintiff has not responded.  As such, the Court has no option other than to terminate this litigation.

   "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because

1

of his failure to prosecute cannot seriously be doubted." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629 (1962).  The Ninth Circuit has set forth five factors that a district court must consider before dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits.

<u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 651 (9th Cir. 1991).  For the reasons set forth below, this Court finds that these factors weigh in favor of dismissing this case.

    First, the Court has an inherent need to manage its docket.  This case has been pending for the past two years with little to no progress due to Plaintiff's failure to prosecute.  Defendants have been diligent in their defense, while Plaintiff has failed to timely oppose their motions.  (*See* ECF No. 11, 32, 39, 40.)  As such, the Court finds that this factor weighs in favor of dismissing this case.  Second, the public's interest in expeditious resolution of litigation also favors dismissing this case because the Court is wasting its time and resources attempting to compel Plaintiff's cooperation in litigating his own case.  Third, Plaintiff's repeated failure to respond to correspondence prevents Defendants from seeking some sort of resolution.  Finally, although the disposition of cases based on their merits in preferred, it is unlikely that such is an option here.  The Court simply cannot move forward without Plaintiff's assistance.

    Thus, for the aforementioned reasons, the Court finds that all four factors support dismissing Plaintiff's case.  As such the Court hereby DISMISSES all pending claims against Defendants in this action.  This case is CLOSED.

    IT IS SO ORDERED.

Dated: February 11, 2014

                                  Troy L. Nunley
                                  United States District Judge