1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   JERRY LITTLETON,                          No.  2:12-CV-02236-TLN-AC

12                 Plaintiff,

13         v.                                   **ORDER DENYING PLAINTIFF'S**
                                                **MOTION TO SET ASIDE JUDGMENT**
14   PACIFIC GAS & ELECTRIC CO.;
     SOUTHFEATHER WATER & POWER
15   AGENCY;LOCAL UNION 1245 of/and
     THEINTERNATIONAL
16   BROTHERHOOD OFELECTRICAL
     WORKERS, AFLCIO andDOES 1 through
17   10,

18                 Defendants.

19

20         This matter is before this Court because Plaintiff Jerry Littleton ("Plaintiff") seeks to set

21   aside the dismissal of his case entered on February 11, 2014.  (*See* Order Dismissing Case, ECF

22   No. 48; Mot. to Set Aside Judgment, ECF No. 52.)  Defendant South Feather Water & Power

23   Agency ("Defendant") opposes Plaintiff's motion.  (*See* Def.'s Opp'n, ECF No. 55.)  For the

24   reasons set forth below, Plaintiff's Motion to Set Aside Judgment (ECF No. 52) is hereby

25   DENIED.

26   I.    FACTUAL AND PROCEDURAL BACKGROUND

27         The present case involves a lawsuit originally filed by Plaintiff against Defendants Pacific

28   Gas and Electric ("PG&E"), South Feather Water and Power Agency, The International

                                          1

Brotherhood of Electrical Works, ("IBEW") and DOES 1-10.  Plaintiff's Complaint was filed in the United States District Court for the Eastern District of California on August 27, 2012.  The Complaint alleged four causes of action: (1) civil rights violations by fraud, 42 U.S.C. §§ 1983, 85(3); (2) violations of his civil rights by conspiracy, 42 U.S.C. §§ 1983, 85(3); (3) violations under the Americans with Disabilities Act; and (4) wrongful termination under the Fair Employment and Housing Act ("FEHA").

An amended complaint was filed on February 26, 2013.  The Amended Complaint alleged six causes of action, the following five of which were against PG&E and Defendant: (1) violations of civil rights by fraud and conspiracy, 42 U.S.C.§§ 1983, 85(3) (first cause of action); (2) violations under the Americans with Disabilities Act, 42 U.S.C. § 12111(5),(7), 42 U.S.C. § 2000(e),(g),(h) (second cause of action) ; (3) retaliation in violation, 42 U.S.C. § 12203(a) (third cause of action); (4) termination in violation of the FEHA, Gov. Code § 12940 (h),(j) (fifth cause of action); and (5) discrimination in violation of the FEHA, Gov. Code §§ 12900, 12926(d),(e),(g) and § 12940(a) (sixth cause of action).  The remaining cause of action was only against IBEW for failure to adequately represent, i.e., for breach of its duty to its members (fourth cause of action).

On August 16, 2013, Defendant filed a motion for partial judgment on the pleadings.  Plaintiff failed to file an opposition to Defendant's motion.  On September 30, 2013, the Court issued a Minute Order for Plaintiff to show cause as to why the Court should not grant Defendant's August 16, 2013, motion.  On October 11, 2013, instead of adhering to the Court's Order to Show Cause, Plaintiff instead filed an opposition to the August 16, 2013, motion for partial judgment on the pleadings.  (*See* ECF No. 40.)

On October 16, 2013, the Court issued a Minute Order giving Plaintiff ten days to show cause as to why he should not be fined $500.00 for failing to comply with a previously issued order.  (Min. Order, ECF No. 41.)  Again, Plaintiff did not respond.  On October 29, 2013, the Court issued a $500.000 sanction against the Plaintiff.  (Min. Order, ECF No. 42.)  These sanctions were paid by Plaintiff's counsel on November 20, 2013.

On December 17, 2013, the Court granted Defendant's August 16, 2013, motion dismissing Plaintiff's first and fifth causes of action.  (Order, ECF No. 43.)  The Court then issued

1    an order that the parties file a Joint Status Report no later than January 17, 2014.  (Min. Order,

2    ECF No. 44.)  Plaintiff failed to file the Joint Status Report by that date, and the Court issued an

3    order that Plaintiff show cause within ten days.  (Min. Order, ECF No. 47.)  The order warned

4    Plaintiff that "[f]uture failure to comply w[ould] result in sanctions and possibly dismissal of

5    Plaintiff's claims." (ECF No. 47.)  Plaintiff again failed to respond.  On February 11, 2014, the

6    Court, on its own motion, issued an order dismissing Plaintiff's complaint for failure to prosecute

7    under Federal Rule of Civil Procedure 41.  (Order, ECF No. 48.)

8        On March 10, 2014, Plaintiff filed a motion, and accompanying memorandum of points

9    and authorities, to set aside the Judgment dismissing Plaintiff's Complaint.

10   **II.    LEGAL STANDARD**

11       Plaintiff does not base his motion on a contention that the dismissal was improper or that

12   there was any inherent unfairness in the process.  Instead, Plaintiff bases his motion to set aside

13   the dismissal on his counsel's ("Hassan") alleged "mistake, inadvertence, surprise, or excusable

14   neglect" under Federal Rule of Civil Procedure 60(b).  Relief under Federal Rule of Civil

15   Procedure 60(b)(1) should only be granted in the interest of equity based on a determination by

16   the court involving, at minimum, the following four factors: (1) the danger of prejudice to the

17   opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

18   reason for the delay; and (4) whether the movant acted in good faith.  *Bateman v. U.S. Postal*

19   *Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*

20   *Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

21   **III.   ANALYSIS**

22       Plaintiff bases his motion to set aside the dismissal on Hassan's alleged "mistake,

23   inadvertence, surprise, or excusable neglect" under Federal Rule of Civil Procedure 60(b).[1]  The

---

[1]      Although Plaintiff does not argue that the Court's dismissal constituted an abuse of discretion, the Court
reiterates that in its previous orders, the Court considered and imposed less drastic remedies before dismissing
Plaintiff's case.  For example, the Court has imposed numerous orders directing Plaintiff and his attorney to comply
with local rules governing the Eastern District of California as well as this Court's orders.  (*See* ECF Nos. 39, 41, 42,
44, and 47.)  After Plaintiff failed to file the Joint Status Report by that date, the Court issued an explicit order in
which it instructed Plaintiff to show cause within ten days as to why the case should not be dismissed.  (*See* ECF No.
47.)  Plaintiff failed to respond to this order.  It was only after both imposing a monetary sanction and explicit
warning, that the Court issued its order dismissing the complaint for failure to prosecute on February 11, 2014.  In
doing so, the Court considered the four factors set forth by the Ninth Circuit:

Court notes at the outset that Plaintiff's briefing purports to assign the excusable neglect to Hassan but the briefing is silent as to whether Plaintiff contributed to the delays. The Supreme Court has previously held that a dismissal of a petitioner's claim because of his counsel's unexcused conduct does not impose an unjust penalty on the client. *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962).

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Id.* (citing *Smith v. Ayer*, 101 U.S. 320, 326 (1879)). Accordingly, the Court must determine whether Hassan has shown excusable neglect for his failure to comply with this Court's orders.

Plaintiff asserts that because of events in Hassan's personal and professional life, he is entitled to equitable relief. Plaintiff offers the following facts in support of his motion:

Hassan is both a practicing medical doctor and licensed California attorney. (Hassan Decl., ECF No. 52-2 ¶ 3.) As a result, Hassan runs an extremely busy medical practice, seeing as many as twenty to twenty-five patients per day. (ECF No. 52-2 ¶ 6.) Hassan believes that his budding practice is the product of his willingness to dispense opiate-based drugs to ease his patients' pain. (ECF No. 52-2 ¶¶ 6–7.) Hassan admits that this practice of prescribing opiates is discouraged by the medical board and can even result in him being officially charged. (ECF No.

---

First, the Court has an inherent need to manage its docket. This case has been pending for the past two years with little to no progress due to Plaintiff's failure to prosecute. Defendants have been diligent in their defense, while Plaintiff has failed to timely oppose their motions. (See ECF No. 11, 32, 39, 40.) As such, the Court finds that this factor weighs in favor of dismissing this case. Second, the public's interest in expeditious resolution of litigation also favors dismissing this case because the Court is wasting its time and resources attempting to compel Plaintiff's cooperation in litigating his own case. Third, Plaintiff's repeated failure to respond to correspondence prevents Defendants from seeking some sort of resolution. Finally, although the disposition of cases based on their merits is preferred, it is unlikely that such is an option here. The Court simply cannot move forward without Plaintiff's assistance.

(ECF No. 48 at 2 (discussing the factors set forth in *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991)).)

52-2 ¶ 8.)  However, Hassan states that he continues to prescribe opiates to his patients.  (ECF No. 52-2 ¶ 8.)  Hassan further states that at some point the medical board began investigating him and that in December of 2013, the medical board filed formal accusations against him.  (ECF No. 52-2 ¶ 9.)  Hassan contends that his busy medical practice, coupled with the medical boards' accusations require that he constantly defend his practice, and that this caused him to miss this Court's numerous orders.  (ECF No. 52-2 ¶ 9.)

Hassan also states that he has been wrongfully named as a match for several known terrorists by some credit reporting agencies.  (ECF No. 52-2 ¶ 10.)  As a result of these allegations and the financial strain of defending himself, Hassan maintains that he has been denied credit, placed on a no fly list, and he has been forced to file for bankruptcy.  (ECF No. 52-2 ¶ 10.)  He has pending litigation in this matter.  (ECF No. 52-2 ¶ 10.)

Hassan also states that his lack of computer knowledge has contributed to his failure to respond to this Court's orders.  In his declaration, he admits that he is not computer literate and thus must depend on others to keep him appraised as to the status of his own cases, including the instant case.  (ECF No. 52-2 ¶ 12.)  In fact, Hassan states that he does "not know how to log on to this Court's site to file or review documents."  (ECF No. 52-2 ¶ 13.)  Hassan further asserts that he has high employee turnover rates which often leave him lacking knowledge about the status of pending cases and what needs to be done on a particular case.  (ECF No. 52-2 ¶ 14.)

Hassan's declaration also contains information about an alleged racial assault with a California Highway Patrolman that occurred in 2001 shortly after the attack on September 11, 2001.  (ECF No. 52-2 ¶ 16.)  Hassan states that the altercation resulted in him suffering an injury to his back.  (ECF No. 52-2 ¶ 16.)  Hassan further states that he had corrective back surgery in December 2011, but experienced a lot of pain prior to the corrective surgery.  (ECF No. 52-2 ¶¶ 16–17.)  Hassan alleges that this injury contributed to him not adhering to this Court's orders. (ECF No. 52-2 ¶ 18.)

In response to the numerous reasons proffered by Plaintiff, Defendant argues that the conduct displayed by Hassan goes far beyond "excusable neglect."  (ECF No. 55 at 6.) In deciding whether Plaintiff has shown excusable neglect the Court must consider four factors:

1   "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential

2   impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good

3   faith." *Bateman*, 231 F.3d at 1223–24 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). The

4   "excusable neglect" clause is interpreted as encompassing errors made due to "mere neglect" of

5   the petitioner. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 n.11 (9th Cir. 2002) (citing

6   *Pioneer*, 507 U.S. at 394). "The good faith consideration goes to the absence of tactical or

7   strategic motives, not to the degree of negligence." *Pincay v. Andrews*, 389 F.3d 853, 861 (9th

8   Cir. 2004). The Court addresses each factor separately below.

9          A.      Prejudice

10         In determining whether the nonmoving party is prejudiced courts have considered whether

11  the moving party was diligent in seeking to set aside the judgment. *See Bateman*, 231 F.3d at

12  1224–25 (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808,

13  812 (4th Cir. 1988)). This case was dismissed on February 11, 2014, and Plaintiff filed his

14  motion for reconsideration on March 10, 2014. Defendant has not shown that this month has

15  prejudiced them. Moreover, courts have consistently held that short delays in litigation do not

16  suffice in showing prejudice. *See Bateman*, 231 F.3d at 1224–25 (holding that rescheduling a

17  trial date did not suffice to justify denial under Rule 60(b)(1); *Augusta Fiberglass Coatings, Inc.*,

18  843 F.2d at 812 (rejecting claim of prejudice from two week delay between entry of default

19  judgment and filing Rule 60 motion because "we perceive no disadvantage to Augusta beyond

20  that suffered by any party which loses a quick victory"); *see also Hibernia Nat'l Bank v.*

21  *Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) ("the mere

22  possibility of prejudice from delay, which is inherent in every case, is insufficient to require

23  denial of a 60(b)(1) motion"). Therefore, the Court finds that the delay alone does not justify

24  denial of relief under Rule 60(b)(1).

25         B.      Length of Delay and its Impact on the Proceedings

26         Although the amount of time between the dismissal and Plaintiff's motion is only a

27  month, the Court finds that this month is not indicative of the amount of time that Plaintiff has

28  actually wasted through his failure to prosecute. This case has been pending for the past two

1  years with little to no progress due to Plaintiff's failure to prosecute.  All of the Defendants have

2  been diligent in their defense, while Plaintiff has failed to timely oppose their motions.  (*See* ECF

3  No. 11, 32, 39, 40.)   Moreover, the Court's continuous warnings to Plaintiff did little to cure the

4  issue.  Thus, the Court finds that the length of delay is in equipoise to its impact on the

5  proceedings and parties.

6       C.      Reason for Delay

7       As referenced above Hassan states a plethora of reasons for the delay.  The Court does not

8  find any of the proffered reasons persuasive.  First, Hassan undertook this case with the

9  knowledge that he was operating a "busy" medical practice in addition to his law firm.  (ECF No.

10  52-2 ¶¶ 6–7.)  Second, Hassan was aware that he is computer illiterate, and would thus require

11  outside assistance to keep him apprised of the current status of the case.  Hassan has not shown

12  how these factors, which he was aware of at the onset of this case, precluded him from seeking

13  the technical assistance that he required.  Third, at the time Hassan undertook this case, he was

14  already involved in a myriad of personal and professional issues, including defending himself

15  against formal medical board accusations, financial woes, and recovering from a series of serious

16  spinal surgeries.  (ECF No. 52-2 ¶¶ 8–16.)  Again, none of the events Plaintiff complains of

17  happened unexpectedly during Plaintiff's case.  Furthermore, the Court is unclear as to how back

18  problems that were corrected in December of 2011 impacted Hassan's ability to file the

19  appropriate legal documents in 2014.

20       Based on the information provided, the Court finds that Hassan's treatment of this case,

21  most notably his lack of responsiveness to Court orders, was not the result of some inadvertent

22  calendaring mistake or a miscommunication between himself and his staff.   Rather, the dismissal

23  of this case was caused by repeated, willful decisions to disregard direct orders and to place his

24  personal problems above the interests of his client, this Court, and opposing counsel.  This is

25  evidenced by the fact that Hassan chose to pay the sanctions assessed to him, but continually

26  failed to adhere to the filing instructions within the Court's orders.  In fact, Hassan cannot even

27  claim ignorance of the orders due to the fact that he paid sanctions assessed within them.

28  Moreover, in the event that he was ignorant to the orders, the sanctions put Hassan on notice of

the need to closely monitor this case and his continued failures to do so demonstrate a willful disregard, not an inadvertent mistake. *See S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1101 (9th Cir. 2010) (affirming a district court's rejection of a claim for "excusable neglect" because the defendants' proffered reasons for the delay was not a reasonable excuse). As such, the Court finds that this factor weighs in favor of denying Plaintiff's motion.

       D.    <u>Good Faith</u>

Finally, the Court finds that Hassan cannot show that he acted in good faith because the evidence clearly shows that he willfully chose not to comply with the Court's orders.  As discussed above, Hassan cannot allege that he lacked knowledge of <u>all</u> of the Court's orders because he paid the sanctions that were assessed within them.   The Court might have been inclined to believe that Hassan had not been aware of its earlier orders prior to Hassan's payment of sanctions.  However, the Court finds any assertion that Hassan was unaware of the Court's subsequent orders to be insincere at best.  In the event that Hassan was unaware of the instructions within such orders, his ignorance would have been of his own doing.  Thus, the Court finds that this factor weighs in favor of denying Plaintiff's motion.

**IV.**   **CONCLUSION**

For the reasons set forth above, the Court finds that Plaintiff has failed to make a showing of excusable neglect.  Therefore, Plaintiff's motion to set aside judgment is hereby DENIED.

IT IS SO ORDERED.

Dated: September 17, 2014

                                    Troy L. Nunley
                                    United States District Judge

8